# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| NANETTE COLE AND BRUCE COLE, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | No. 2:13-cv-04200-NKL |
| ) | |
| BRUCE E. STRAUSS, TRUSTEE, ) | |
| ) | |
| Appellee. ) | |

**ORDER**

Two matters are pending before the Court. One is a motion to reconsider filed by Bruce Cole and Nanette Cole, Doc. 53, with respect to an Order entered by the Court concerning a discovery dispute, Doc. 50. The Court has also entered an order to show cause, directing the parties to address whether the Court has subject matter jurisdiction to resolve the discovery dispute.

For the reasons discussed below, the Court concludes that while it does have subject matter jurisdiction of the dispute, it also has the authority to refer the dispute to the Bankruptcy Court for further proceedings, and referral is appropriate here. Accordingly, the Court will refer the dispute to the Bankruptcy Court for further proceedings, and denies the Coles' motion to reconsider as moot.

**I.   Background**

This case originally came before the Court in 2013, on Bruce and Nanette Coles' appeal of a Bankruptcy Court order entered against them in an adversary proceeding, concerning avoidance and recovery of fraudulent or preferential transfers. The Court treated the Bankruptcy Court's order as proposed findings of fact and conclusions of law, and granted partial summary

judgment to Trustee Strauss. Docs. 26 and 28. The Eighth Circuit Court of Appeals affirmed. Doc. 32.

After the mandate issued, the Trustee as judgment creditor served the Coles with written discovery in aid of execution, specifically, requests for production of documents captioned in the style of this District Court case. *See* Doc. 47-2.[1] The Coles asked the Trustee for additional time to respond. The Trustee did not consent to giving them additional time, but did tell the Coles that they could produce documents on a rolling basis or as documents became available to them.

The Coles subsequently filed motions in this Court, requesting 60 additional days in which to respond, Doc. 36 (filed 6/3/2016) and Doc. 39 (filed 6/9/2016), which the Trustee opposed.[2] The Coles argued that the requests were extensive, they had objections to the requests, and it was difficult to respond to the requests in view of Bruce Cole's incarceration. The Trustee argued that the Coles had not identified good faith objections to the discovery. The Court denied the Coles' motions and further ordered:

> On the Court's own motion, the Coles are granted 30 days from the date of this order -- until 7/8/2016 -- to produce the documents and tangible things requested in the Trustee's First Request for Production. The 30 days addresses any complications owing to Bruce Cole's incarceration. But the Coles' failure to timely respond to the Trustee's First Request for Production will be treated as a waiver of any objections they may have had to the First Request for Production. The Trustee has attempted to work with them, for example by agreeing to accept production on a rolling basis, but

---

[1] The Trustee's 24 requests for production sought documents and things such as financial statements detailing the Coles' assets, properties, or debts; tax returns from 2009 to the present and communications related to such tax returns; books and records relating to any ownership interest held in a business from January 2009 to the present; stocks and bonds; and documentation relating to safe deposit boxes, life insurance policies, and accounts receivable in which the Coles have an interest. Doc. 47-2.

[2] Shortly before they filed the motions, the Coles also appealed from the Bankruptcy Court's order dismissing the remaining claims in the underlying adversary proceeding, and that appeal is before this this Court. *See* Case No. 2:16-cv-04143-NKL (filed 5/18/2016).

> the Coles have not worked with the Trustee. Further, both Coles
> are trained attorneys.

Doc. 40 (Order of 6/8/2016).

Bruce Cole moved for reconsideration. Doc. 41. Nanette Cole moved to join the request and asked for entry of a protective order. Doc. 42. They argued that notwithstanding their previously-filed motion for a 60-day extension, they had nonetheless timely served the Trustee with written responses and objections to the Trustee's requests for production. They also requested more time in which to produce the materials requested. The Trustee advised the Court that the Coles had timely served their written responses and objections, but opposed a further extension. The Trustee also stated that he had advised Nanette Cole that he would agree to entry of a protective order, but she had not communicated any proposed terms. Doc. 45. The Court granted the motion for reconsideration in part and set aside the portion of its prior order about waiver of objections to the requests for production, but denied the request for additional time to respond. Doc. 50. The Court also ordered the parties to submit proposed language for a protective order. *Id.*

The Court subsequently entered an order on its own motion, directing the parties to show cause why it should not deny all further relief related to discovery disputes, for lack of subject matter jurisdiction:

> Upon further reflection, the Court is concerned about its subject matter jurisdiction to resolve the discovery issues the Coles are presenting to the Court. Because federal courts are courts of limited jurisdiction, this Court may raise sua sponte issues of subject matter jurisdiction, even if the parties concede the issues. *Thomas v. Basha*m, 931 F.2d 521, 523 (8th Cir. 1991). A district court has jurisdiction to hear appeals from final orders of a bankruptcy court, pursuant to 28 U.S.C. § 158(a)(1), and from interlocutory orders with leave of the court, pursuant to 28 U.S.C. § 158(a)(3). *See In re M & S Grading, Inc*., 526 F.3d 363, 368 (8th Cir. 2008). Further, an appeal from a bankruptcy court order does

3

> not divest the bankruptcy court of jurisdiction with respect to matters not raised and decided in the order appealed from. *See In re J. M. Fields, Inc.*, 8 B.R. 638, 641 (Bankr. S.D.N.Y. 1981) (and citations therein) and *In re Brown*, 2007 WL 3326684, at *1 (M.D. Fla. Nov. 6, 2007) (and citations therein). Bruce Cole and Nanette Cole's discovery disputes with Trustee Strauss do not appear to have been raised and decided by the bankruptcy court in an order they have appealed from, and appear to involve matters that are uniquely separable from and collateral to the merits of their appeal in case no. 2:16-cv-4143 before this Court.

Doc. 54.

**II.    Discussion**

The Court first takes up the issue of its subject matter jurisdiction to address the disputes related to the Trustee's discovery in aid of execution of the judgment entered by this Court. While the Bankruptcy Code establishes the district courts' jurisdiction to hear appeals from bankruptcy courts' orders, 28 U.S.C. § 158, district courts nonetheless have original but not exclusive jurisdiction of all civil proceedings arising under the bankruptcy code, or arising in or related to cases under the bankruptcy code, 28 U.S.C.A. § 1334(b).  Under 11 U.S.C. § 105(a), both district courts and bankruptcy courts

> [M]ay issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy code]. No provision of [the bankruptcy code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

District courts also have the power and jurisdiction to enforce their own orders entered in connection with bankruptcy proceedings. *See also United States v. Switlyk*, 147 F. Supp. 3d 1354, 1358 (M.D. Fla. 2015) (holding that the district court possesses the inherent authority to issue such orders as are necessary to implement and enforce its orders) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).  For example, in *In re Advanced Elecs., Inc.*, 283 F.

4

App'x 959, 964 (3rd Cir. 2008), the Third Circuit concluded that after the district court entered an order on an appeal from the bankruptcy court below, the district court had the power to enter a contempt order and enforce the terms of its own order. This Court therefore concludes it has subject matter jurisdiction to address the disputes related to the Trustee's discovery in aid of execution of the judgment entered by this Court.

Nonetheless, under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings <u>arising under</u> title 11 <u>or arising in or related to</u> a case under title 11 shall be referred to the bankruptcy judges for the district." (Emphasis added.) The Western District of Missouri has made such a referral, ordering on August 15, 1984 that "all cases all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district."

Here, the discovery dispute does not appear to "arise under" the Code within the meaning of § 157(a). Claims arising under the code are those that would have no existence outside of bankruptcy, such as allowance or disallowance of claims, determination of dischargeability of debts, plan confirmation, and orders permitting assumption of rejection of contracts. *See In re Farmland Indus., Inc.*, 567 F.3d 1010, 1018 (8th Cir. 2009).

But the discovery dispute does appear to be "related to" a proceeding under the Code within the meaning of that section, and therefore should be referred pursuant to the Western District's Order of August 15, 1984. "Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995). In the Eighth Circuit,

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. An action is related to bankruptcy if the outcome

5

> could alter the debtor's rights, liabilities, options, or freedom of action and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Dogpatch U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir. 1987). "Under the 'conceivable effect' test, 'the jurisdictional grant is extremely broad.'" *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1019 (8th Cir. 2009) (citing *In re Toledo,* 170 F.3d 1340, 1345 (11th Cir. 1999)). "'Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.'" *Id.* (quoting *Celotex,* 514 U.S. at 308). The Supreme Court in *Celotex*, 514 U.S. at 307–08, held that a third party's attempt to execute against a bond for which a debtor in bankruptcy was a surety was sufficiently related to the debtor's bankruptcy for the bankruptcy court to have jurisdiction to stay the execution. Following *Celotex* and the same "conceivable effect" test used in cases like *Farmlands,* the Bankruptcy Court for the Western District of Pennsylvania held that an execution proceeding was "related to" the bankruptcy proceeding, in that it could adversely affect implementation of a provision of the reorganization plan. *In re Spirco, Inc.*, 201 B.R. 744, 748–49 (Bankr. W.D. Pa. 1996), *rev'd on other grounds,* 221 B.R. 361 (W.D. Pa. 1998), *aff'd sub nom. Copelin v. Spirco, Inc.*, 182 F.3d 174 (3rd Cir. 1999).

Here, the discovery dispute concerns locating assets in aid of execution on a judgment on behalf of a judgment creditor. Given the breadth of a bankruptcy court's "related to" jurisdiction, this Court concludes the disputes of the parties here are "related to" the underlying bankruptcy. The outcome of the dispute could conceivably alter the debtors' rights, liabilities, options, or freedom of action, or in some way impact the handling and administration of the bankrupt estate. The Court concludes it would be efficient and expeditious for the Bankruptcy

Court below to handle the discovery dispute, and consistent with Western District of Missouri referral order of August 15, 1984.

The Coles argue that not all issues from the adversary proceeding have been resolved and suggest some may still be appealable, so the discovery is premature. Doc. 56, pp. 3-4 of 8, and Doc. 62. The Trustee responds that final orders have been entered with respect to the entirety of the adversary proceeding, and because the adversary proceeding is final, discovery in aid of execution may issue. Doc. 58, p. 3 of 6. The Court has located no authority providing that the timing of discovery in aid of execution affects the bankruptcy court's "related to" jurisdiction.

The Trustee adds that it is unsettled, after *Stern v. Marshall,* 564 U.S. 462 (2011), whether a bankruptcy judge may enter a final order and judgment in such a matter, or must enter proposed findings of fact and conclusions of law for review by a district court. The Court expresses no opinion on this issue at this time.

## III. Conclusion

For the reasons discussed above, the parties' discovery disputes shall be referred to the bankruptcy court for further proceedings. In view of that referral, the Coles' motion to reconsider, Doc. 53, is denied as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 3, 2017
Jefferson City, Missouri